UNITED STATES of America

v.

John C. GARNER, Appellant.

UNITED STATES of America

v.

Tyrone C. PARKER, Appellant.

Nos. 23368, 23395.

United States Court of Appeals, District of Columbia Circuit.

Argued May 25, 1970.

Decided Nov. 6, 1970.

Supplemental Opinion Jan. 21, 1971.

Certiorari Denied April 26, 1971.

See 91 S.Ct. 1531.

Mr. George J. Thomas, Hyattsville, Md. (appointed by this Court) for appellant in No. 23,368.

Mr. Fred R. Joseph, Hyattsville, Md. (appointed by this Court) with whom Messrs. Karl G. Feissner, William L. Kaplan and Thomas P. Smith, Hyattsville, Md., were on the brief, for appellant in No. 23,395.

Mr. Terry Philip Segal, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., John A. Terry, and Harold J. Sullivan, Asst. U. S. Attys., were on the brief, for appellee.

Before' TAMM, LEVENTHAL and MacKINNON, Circuit Judges.

## 526

LEVENTHAL, Circuit Judge:

These are appeals from judgments entered on the convictions of appellants on five counts each of robbery and nine counts of assault with a dangerous weapon in connection with the robbery of a branch of the National Savings and Trust Company of the District of Columbia.

The central question is whether it was error to have permitted a witness to make an in-court identification of appellant Parker in light of appellant's contention that the original identification by this witness had been made at a constitutionally defective lineup. To decide this point, other questions require resolution, notably (1) whether the trial judge erroneously placed the burden on appellant of proving the absence of counsel at the lineup; (2) whether the government established an independent source removing the taint of the uncounseled lineup identification. The conviction of appellant Garner rests in large measure upon proof of his association with an identified Parker near the place and time of the crime.

### Claim That It Was Error To Permit An In-Court Identification By Middleton

On June 13, 1968, Archie Middleton, who was present in the bank at the time of the robbery, identified Parker at a lineup as one of the robbers. Prior to trial Parker moved to suppress this lineup evidence, as well as any in-court identification that Middleton might make, on the ground that he had not been represented by counsel at the lineup. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). This motion was denied by the District Court after a hearing. The court found that defense counsel had been present at the lineup, and that in any event an in-court identification of Parker by Middleton would not be objectionable because prior to the lineup Middleton had made a valid photographic identification thereby establishing an independent source for a courtroom identification.

### Burden Of Showing Absence Of Counsel Improperly Placed On Defendant

■ First we take up appellant's contention that the trial judge erroneously placed the burden of proving the absence of counsel at the lineup on him. Initially the trial judge proceeded on the ground that defendant, as proponent of the motion to suppress, had failed to carry the burden of "establishing that an attorney was not present at the lineup."

The applicable principles call for this burden to be placed not on the defendant, who would have to prove a negative, but on the Government, which is in the best position to come forward with evidence establishing that counsel was present at the lineup. Compare Miranda v. Arizona, 384 U.S. 436, 475, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and Murphy v. Waterfront Commission, 378 U.S. 52, 79, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964). At least this principle governs the situation of routine lineups, where the Government can meet its burden by the simple and reasonable precaution of noting on the lineup form the name of the lawyer present to represent the suspect. In contrast, defendant is not in a position to establish the absence of a lawyer by contemporaneously recorded evidence.

The judge announced, in the course of his ruling permitting the in-court identification, that defendant had failed to meet his burden of showing absence of counsel. This was error, as we have noted. But we do not think the ruling should be based on this error.

■ When defense counsel persisted that the burden properly was on the Government, the court found in the alternative that "the Government has established that an attorney was present." We take the case on that finding, putting aside the claim that a persisting burden had been improperly placed on the defense. However, absence of that finding does not suffice to overcome the defendant's constitutional claim of lack of counsel, because we conclude the record does not support the conclusion that a defense

attorney was present at the lineup where it was requisite.

In support of its finding the court relied on the following circumstances: (1) that the general practice at the time was to have an attorney present; (2) that two witnesses said that an attorney was present; (3) that only the defendant raised any question about the matter and he did not show that he was in a position to know.

The record before us, however, paints a somewhat different picture. First, it is plain that the general practice was not followed in this case. The former Assistant United States Attorney who had responsibility for the supervision of lineups and who was called by defense counsel to testify as to the general practice, set forth that the general practice was to have the same lawyer provide representation at both the lineup and the preliminary hearing. The Legal Aid Agency lawyer who represented Parker at the preliminary hearing testified without contradiction that he had not represented appellant at the lineup.

Three people present at the lineup, appellant, Middleton, and Officer Dory, testified at the hearing on the motion to suppress. Appellant testified that he did not recall a lawyer's being present. Middleton stated that he was not certain defense attorney was present at the initial lineup, and further testified significantly: "I was told to identify the person in the lineup which I did at which time the attorney was then arriving so I had to re-identify him in the presence of the attorney."

When Officer Dory was asked whether there was a defense counsel present for the purpose of viewing the lineup on behalf of the defendant, he answered, "To the best of my knowledge sir, I think

there was a defense attorney." He could not recollect the name of this attorney and had misplaced his notes. He could not remember whether his notes indicated that an attorney was present. The lineup report, introduced into evidence, contained no indication that a lawyer was present.

■ We have a case, then, where there is no affirmative testimony that defense attorney was present when Middleton made his initial lineup identification. Indeed, Middleton's testimony tellingly indicates that he had to re-identify defendant in order to do this in the presence of an attorney. The court's finding that an attorney was present at a lineup identification is supportable in the record if it is taken as relating to the second lineup, shortly after the initial lineup. However, the first lineup is obviously the decisive one. It would be absurd to countenance identification made at lineups in the absence of counsel by scheduling a second lineup subsequently, with counsel now present. The entire purpose of counsel would be frustrated; little if anything could be done in the conduct of the second lineup to cure any aspects or risk of suggestiveness in the first. The prejudice is obvious—since there is no realistic possibility that a witness will go back on an identification made moments before.[1]

*Issue As To Independent Source Removing The Taint Of Uncounseled Lineup Identification*

Because there was no direct testimony concerning the lineup at trial, reversal may be avoided if the Government shows that the courtroom identification was not tainted by the improper lineup. It is not so tainted if the courtroom identification has an independent source. United States v. Wade, *supra.*

---

1. The District Court stated (Tr. 48): "If the witness Middleton's testimony is accepted that the lineup was done a second time almost instantaneously after the first time, because of doubts as to the arrival of the attorney, it does not appear to the Court that there were any intervening factors which would in any way prejudice the second lineup and fail to

make it a lineup which met the requirements of *Wade.*" We take this as resting the permissibility of the second lineup on the validity of the first lineup. If what the court intended to say was that the second lineup would be effective to meet the requirements of *Wade* even though the first lineup was defective, we cannot accept that view.

The trial judge ruled that prior to the lineup, Middleton had made "an entirely proper identification of defendant Parker." "He [Middleton] picked out his [Parker's] photograph after looking at a large number." If this statement of the trial judge was correct it must have been based on an exhibit for identification, as to the pre-lineup photograph that was identified, which is not in the record before us.[2] But it may be that the trial judge erred in saying that the pre-lineup identification was of a photograph of Parker. We do not think it right to permit this critical matter to turn on a record in the shape of the one before us. We therefore remand the record in order that the pre-lineup photograph that was identified may be made part of the record, with a request to the District Judge to amplify or modify his finding on the basis of the record as amplified.

We have given consideration to whether the ruling can be supported on other grounds that would avoid the remand, and conclude they are not available. Thus the Government brief, which does not rely on any prior photographic identification as establishing an independent source for the courtroom identification, seeks to support the trial court's ruling of independent source by reference to the sketch which Middleton had provided to the police.[3]

This sketch likewise was not put in evidence and is not in the record. It would strain appellate doctrine beyond any fair scope to uphold a court ruling by reference to evidence not even mentioned by the trial judge and not before us for consideration.

The Government brief also seeks to support an "independent source" on the basis of Middleton's "excellent opportunity" to view Parker during the robbery. All the trial judge said, with greater accuracy, is that Middleton "had an opportunity to observe" Parker in the bank. (Tr. 47) And what was that opportunity? The record, here accurately presented in the Government brief (p. 3), shows that "Mr. Middleton also acknowledged that during most of the robbery, which took sixty to ninety seconds, he saw Parker from a peripheral view." Such a short, angled opportunity to observe may be taken into account along with other factors as supporting an identification, but it is hardly sufficient by itself to meet the Government's burden of showing an "independent source" that makes the lineup irrelevant in appraising the worth of the in-court identification.

Remanded for further proceedings.

## Supplemental Opinion

Before TAMM, LEVENTHAL, and MacKINNON, Circuit Judges, in Chambers.

LEVENTHAL, Circuit Judge:

Following our opinion of November 6, 1970, the record was remanded. The District Judge has amplified both the record appropriate for our consideration and his findings.

The remand findings recite that Middleton was a very candid, competent, credible witness, and the court was satisfied from his testimony that he was making an in-court identification that was wholly independent of the lineup.

2. All that the testimony of Middleton established is that the photograph he identified after the lineup "was a different photograph" from that picked out before the lineup and that he made his pre-line-up "tentative identification with the reservation that this person looked older than the person who actually confronted us."

3. See Appellee's Brief at 12: "In this case Mr. Middleton had an excellent opportunity to view Parker during the rob-

bery. As he was leaving the bank, Middleton was stopped by Parker, who was standing directly in front of him. Parker pointed a gun at Middleton and ordered him to step aside. After the robbery Mr. Middleton, a commercial artist, drew a sketch of Parker. Based upon this evidence, the trial court properly concluded that Middleton's pre-lineup identification of appellant was established by clear and convincing independent evidence (Tr. 48)."

His in-court identification was further supported by Government's Exhibit No. 5 for identification, which the court took into account in its rulings. Since this exhibit was before the District Judge at the pretrial hearing, it was properly to be taken into account on appeal even though not formally received in evidence at the trial, and should have been presented by counsel.

█ This exhibit has been supplied to us on remand. It contains both Middleton's sketch and photographs of Parker. The likeness is indeed strong. We conclude that the District Court was correct in permitting an in-court identification of Parker by Middleton. There is no other meritorious claim of reversible error.

Affirmed.